# CASES DETERMINED

BY THE

# SUPREME COURT OF NEW MEXICO,

## JANUARY TERM, 1882.

---

THE TERRITORY OF NEW MEXICO, Appellee, v. ELEUTERIO
BACA, Appellant.

*January 10, 1882.*

ACEQUIA LAW. (1) *Violations of, not crimes : Proceedings to enforce.*

1. The acequia law, of New Mexico (Act January 7, 1852, Gen. Laws N.
   M., Prince, 14), provides (section 18) that "If any person obstruct,
   interfere with or disturb any of said ditches or use the water from it
   without the consent of the overseer during the time of cultivation, he
   shall pay for each offense a sum not exceeding ten dollars, which
   shall be recovered" (section 17) "by the overseer before any justice
   of the peace in the county." And section 18 further provides for the
   recovery, in addition, "of all damages that may have accrued to the
   injured parties, and if said person or persons have not wherewith to
   pay said fine and damages, they shall be sentenced to fifteen days'
   labor on public works."

   *Held,* That these provisions created no public crime for which a per-
   son may be arrested in the first instance and prosecuted on behalf of
   the territory, and fined and imprisoned in default of payment. That
   the word "fine" should be construed to mean a pecuniary penalty
   merely that may be sued for by the overseer, in his official capacity,
   in a civil action, and when recovered by him, applied to the repairs
   of the acequia. That if the defendant is too poor to pay the amount
   adjudged against him, he may be compelled to work fifteen days on
   the public works, and the only restraint that can legally be placed
   on his liberty, is such as may be reasonably necessary to compel him
   to perform such work.

   *Held further,* That a judgment under these provisions of the acequia

[183]

law by a justice of the peace, that the defendant pay a fine to the territory, and costs, and that he be imprisoned in the common jail until such payment, is without authority of law, and the whole proceeding was unauthorized as a criminal prosecution.

Appeal from the District Court of San Miguel county.

Eleuterio Baca, the defendant, appellant in this cause, was brought before a justice of the peace in the county of San Miguel, on a sworn declaration charging him with taking water from the acequia.

In said declaration no name is given to the acequia, it is not stated in what county the supposed offense was committed, nor even that it was committed in this territory. No time when the offense was committed is charged. The defendant was found guilty before the justice of the peace and an appeal taken to the district court of San Miguel county.

When the case was called for trial in the district court, the defendant moved the court to quash the indictment or sworn declaration for want of jurisdiction. The motion was overruled and the case proceeded to trial. There was a verdict of guilty. Defendants filed motions for a new trial and in arrest of judgment, which were overruled.

The bill of exceptions shows that the court, against objection of the defendant, permitted the prosecution to prove that the defendant had taken water from an acequia called Acequia de Nuestra Señora de los Dolores, and that said acequia was within the boundaries of San Miguel county, New Mexico, and also permitted proof as to the time when said water was taken.

*Conway & Risque*, for appellant.

I. The court below erred in refusing to quash the complaint or indictment, because:

*First.* There is no venue laid.

*Second.* No time when the supposed offense was committed is averred

*Third.* The complaint does not set forth any offense known to the laws of this territory.

As to venue and time : " Indictment must be certain as to time and place. Time and place must be added to every material fact in an indictment. In an indictment for offenses of commission, every act which is a necessary ingredient, must be laid with time and place : " Archibold's Criminal Pleading, p. 46. The place must be such as in strictness the jury who are to try the case should come from : *Ibid.*, p. 47. The time and place must be laid with certainty : *Ibid.*, p. 49.

No offense known to the law of this territory is charged. This prosecution is sought to be maintained under sec. 18, art. 1, chap. 1, Compiled Laws of 1865, p. 22, viz.: " If any person in any manner obstruct, interfere with or disturb any of said (acequias) ditches or use the water from it, without the consent of the overseer, during the time of cultivation, he shall pay," etc.

The acequias referred to in this section are public acequias. It is not alleged in the complaint that the acequia was a public acequia, that the water was taken out of the acequia without the consent of the overseer, or that it was during the time of cultivation. This being the case, the complaint is necessarily fatally defective.

II. The court below erred in permitting the introduction of testimony proving that defendant had taken water from an acequia by name Nuestra Señora de los Dolores, that the same was within the boundaries of San Miguel county, New Mexico, and in permitting proof as to time when said water was taken. It having been shown that the complaint is fatally defective, it follows as a necessary sequence, that the justice of the peace had no jurisdiction; the district court has no original jurisdiction, and by appeal to it, acquires only such jurisdiction as the justice had, and it was error to admit the testimony above mentioned.

III. For the reasons and upon the authorities and statutes above cited, the court below erred in overruling motions for new trial and in arrest of judgment.

————————— —————————, for appellee.

This being a civil case, no statement of the cause of action is required, pleading being all verbal.

No technicality can be insisted on, especially if the objection has not been raised in the court below.

The justice says he tried the cause on the evidence taken in the case.   See *State v. Stewart*, 47 Mo., pp. 382–4 ; *Ford v. State*, 3 Pinney, p. 450.

*Conway & Risque,* in reply.

The only point relied upon by plaintiff is a claim that the action is a civil one.   An examination of section 18, Compiled Laws of 1865, page 22, under which this action is brought, will settle the fact of its being a criminal action.

It there appears a fine is the penalty, and that defendant may even be " sentenced to fifteen days' labor on public works," which is equivalent to an imprisonment.

BRISTOL, Associate Justice :   This case is here by appeal from the district court, first judicial district, and county of San Miguel.

The case came to the court below by appeal from a judgment rendered by a justice of the peace of said county. This case in form is a criminal prosecution, wherein the territory is plaintiff and Eleuterio Baca· is defendant.   The supposed offense for which the defendant was tried and convicted in the court below appears by a complaint in the words and figures as follows, to wit:

" TERRITORY OF NEW MEXICO, }
      COUNTY OF SAN MIGUEL.   }

" Before me, the undersigned, justice of the peace of the above county, personally presented himself Pablo Dominguez, a mayor domo of the acequia, and under oath declares

Territory of New Mexico v. Baca.

that he accuses the following persons, to wit: Eleuterio Baca  *  *  *  *  in this, in having taken water out of the acequia, and that they committed this act boldly, audaciously, and in disobedience of the authorities—this being against the laws and municipal regulations; therefore they make this declaration, to the end that the said aggressors may be arrested and their cause examined, and that it be treated in conformity with the law made and provided in such cases.

"PABLO $\overset{\text{his}}{\times}$ DOMINGUEZ.
                    mark.

" Sworn and subscribed before me, to-day, }
        the 1st of July, 1880.             }
                    "ARTHUR MORRISON,
                        "*Justice of the Peace.*"

In the court below, and before the commencement of the trial, a motion was made, on behalf of the defendant, to quash the complaint for want of jurisdiction appearing thereby. This motion was overruled by the court.

A trial was thereupon had before a jury, who rendered a verdict of guilty, and assessed the punishment of the defendant at a fine of one dollar.

Motions for a new trial and in arrest of judgment were interposed on behalf of the defendant, and overruled by the court.

The following judgment on the verdict was rendered, from which this appeal is taken, to wit:

" It is considered and adjudged by the court that the defendant, Eleuterio Baca, pay into the territory of New Mexico, the sum of one dollar, the amount of the fine assessed by the jury in their verdict rendered herein, together with the costs of this prosecution to be taxed, and that execution issue therefor, and that the said defendant be committed to the common jail of the county of San Miguel, until said fine and costs be fully paid and satisfied, and that a warrant of commitment be issued against him."

The only law under which there can be any pretense for

sustaining this prosecution is the acequia law of this territory, providing for the enforcement of a pecuniary penalty against persons interfering with, disturbing or using the water of any public acequia without the consent of the owner thereof; which law was enacted on the 7th of January, 1852: General Laws N. M., Prince, 14.

This act provides for the establishment of public ditches for irrigating purposes, and for their construction; it also provides for their repairs, management, and the distribution under the direction of overseers thereof, and for the collection by suit, by the overseer, of certain pecuniary penalties against delinquents who neglect or refuse to obey his directions, and for the application thereof by him to the necessary repairs of the acequia under his charge.

Section 18 of the act provides as follows: "If any person shall in any manner obstruct, interfere with or disturb any of said ditches, or use the water from it without the consent of the owner, during the time of cultivation, he shall pay for each offense, a sum not exceeding ten dollars, which shall be recovered in the same manner prescribed in the foregoing section (sec. 17), for the benefit of said ditch, and shall further pay all damages that may have accrued to the injured parties, and if said person or persons have not wherewith to pay said fine and damages, they shall be sentenced to fifteen days' labor on public works."

The section referred to as the "foregoing section" (sec. 17), provides as follows: "If any proprietor of any land irrigated by any such ditch shall neglect or refuse to furnish the number of laborers required by the overseer, as prescribed by section 6 of this act, after having been legally notified by the overseer, he shall be fined for each offense in a sum not exceeding ten dollars, for the benefit of said ditch, which shall be recovered by the overseer, before any justice of the peace in the county, and in such cases the overseer may be a

competent witness to prove the offense, or any fact that may serve to constitute the same."

By transposing the language of both sections and bringing the same together so far as applicable, with a view of arriving at its true intent and meaning, it would read somewhat as follows: If any person shall in any manner obstruct, interfere with or disturb any such ditch, or use the water from it without the consent of the owner, during the time of cultivation, he shall pay for each offense a sum not exceeding ten dollars, which shall be recovered by the overseer, before any justice of the peace in the county, for the benefit of said ditch, and shall further pay all damages that may have accrued to the parties injured, and if said person or persons have not wherewith to pay said fine and damages, they shall be sentenced to fifteen days' labor on public works.

Section 19 of the same act provides that "all fines and forfeitures recovered for the use and benefit of any public ditch, shall be applied by the overseer to the improvements, excavations and bridges for the same."

The first question that presents itself is as to the nature of the judicial proceedings to be instituted to recover the "fine," or pecuniary penalty by the overseer. Is it a criminal prosecution to be instituted by the overseer in his own name and official capacity, for the recovery of a sum of money, not exceeding ten dollars, from the delinquent, which sum is to be received by the overseer and by him applied toward the needed improvements of the acequia?

There is a broad distinction between a mere pecuniary penalty to be recovered by a public officer, and applied to a specific object, and a fine imposed as a punishment for a public crime for which the criminal has been tried and convicted.

It is true that in section 17 of the act is the language that "he (the delinquent) shall be fined for each offense," etc., language which is usually applied to crimes or public offenses,

while, further on, are the provisions, that such fine shall be recovered by the overseer, and when so recovered, shall be applied by him to the benefit of the acequia—language usually applied to civil proceedings.

To authorize any interference with the liberty of the citizen by arrest or imprisonment, the authority for the same should be free from any doubt.

Public crimes are not created by mere inuendoes or inference, from the use of a single word in a statute.

The language of this statute is very loose and inaccurate, but considering all of its provisions with the view of giving it a reasonable and consistent construction, we are of the opinion that no public crime is created thereby, for which a person may be arrested in the first instance and prosecuted on behalf of the territory, and fined on conviction, sentenced to pay a fine to the territory, and imprisonment in default of its payment. That the word "fine" should be construed to mean a pecuniary penalty merely, that may be sued for by the overseer in his official capacity, in a civil action, and when recovered, received by him, and applied to the repairs of the acequia. If the defendant is too poor to pay the amount adjudged against him, then he may be compelled to work fifteen days on the public works, and the only restraint that can legally be placed on his liberty is such as may be reasonably necessary to compel him to perform such work.

The judgment, therefore, that the defendant pay a fine to the territory, and costs, and that he be imprisoned in the common jail until such payment, is without authority of law, and the whole proceeding from first to last was unauthorized as a criminal prosecution.

None of these irregularities are assigned as error. This was not necessary in a criminal prosecution under our practice. (*Vide* sec. 32, p. 290 of General Laws, N. M. per Prince.)

Other questions are presented, the decision of which we do not consider necessary or important in this case.

Judgment reversed.    All concur.